PAUL J. LAURIN, (SBN 136287)
*paul.laurin@btlaw.com*
LYRIC MENGES, (SBN 356378)
*Lyric.menges@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:     (310) 284-3880
Facsimile:     (310) 284-3894

LEAH A. O'FARRELL, (PRO HAC VICE)
*lofarrell@btlaw.com*
**BARNES & THORNBURG LLP**
3340 Peachtree Rd NE, Suite 2900
Atlanta, Georgia 30326-1092
Telephone:     (404) 264-4088

Facsimile:     (404) 264-4033

Attorneys for
THE INVESTOR CREDITOR GROUP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>DAVID ROBERT STONE,<br><br>            Debtor. | Case No.: 6:25-BK-12353-SY<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF DEBTOR**<br><br>[No Hearing Required] |

TO THE HONORABLE SCOTT H. YUN, THE OFFICE OF THE U.S. TRUSTEE, THE CHAPTER 7 TRUSTEE, ALL PARTIES IN INTEREST, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Blake Andros, Linda Bruggenkamp, Charles Dimick, Tom Hill, Mike McGrath, John Russi, Marc Sebastian, Jacquie Solomon, Michael Stone, Catherine Thomas, and Alan Thomas (the "Investor-Creditor Group" or  the "ICG"), has filed a motion ("Motion") for order compelling David Robert Stone (the "Debtor") to produce documents and appear for an examination under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF DEBTOR**

Procedure. The examinations cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between the ICG and the Debtor encompassing the breadth of matters subject to appropriate inquiry.

The Investor-Creditor Group requests that the Court grant the motion without a hearing as provided for in LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on the debtor, debtor's attorney, the trustee, the United States trustee, and the entity to be examined as specified in LBR 2014-1.  The motion is based upon the legal and factual grounds set forth in the motion.  The full motion is attached to this notice.  The Investor-Creditor Group will promptly lodge an order that the Court may use to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for hearing.

Dated:  August 11, 2025                                    Barnes & Thornburg LLP


By: */s/ Paul J. Laurin*
Paul J. Laurin

Attorneys for
INVESTOR CREDITOR GROUP

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF DEBTOR**

## MEMORANDUM OF POINTS AND AUTHORITIES

Creditors Blake Andros, Linda Bruggenkamp, Charles Dimick, Tom Hill, Mike McGrath, John Russi, Marc Sebastian, Jacquie Solomon, Michael Stone, Catherine Thomas, and Alan Thomas (the "Investor-Creditor Group" or  the "ICG"), through undersigned counsel, hereby moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order compelling David Robert Stone (the "Debtor") to produce documents described in the attached **Exhibit A** and appear for an examination under oath.

The Investor-Creditor Group, individually and through self-directed trusts, are putatively secured creditors of the Debtor holding undisputed claims.  In total, the ICG holds claims totaling over $23,000,000 against the Debtor.

### 1.  Factual Background

On April 14, 2025 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing Case No. 6:25-bk-1253 ("Bankruptcy Case') pending the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").   The current deadline for objection to the Debtor's discharge and to challenge the dischargeability of certain debts is July 21, 2025 (the "Discharge Deadline"). (*See* Doc. No. 8.)  The Investor-Creditor Group, pursuant to Bankruptcy Rules 4004(b) and 4007, timely filed a motion to extend the Discharge Deadline, which is still pending before the Court. (*See* Doc. No. 143)   The initial meeting of creditors was held on May 20, 2025.  At the initial meeting of creditors the chapter 7 trustee asked initial questions of the Debtor.  Based on the large number of creditors with questions, the meeting of creditors was continued to May 29, 2025.  (*See* Doc. No. 52).   At the continued 341 meeting Debtor answered questions by a multitude of creditors but numerous questions still remain. On May 29, 2025, due to the Debtor's last minute claim that he was ill, hospitalized and unable to participate, the continued meeting of creditors was not held and instead rescheduled to June 17, 2025. (*See* Doc. No. 58.)  The meeting of creditors occurred on June 17, 2025, lasting several hours with questions from a dozen interested parties.  The meeting of creditors was continued once again to July 15, 2025, and subsequently rescheduled to August 12,

2025.  (*See* Docs. 80, 125.)

In an effort to limit the controversy in front of the Court, undersigned emailed counsel for the Debtor on June 3, 2025, requesting that the Debtor agree to provide certain documents, including all financial records pertinent to the operation of the business and the financial affairs of the Debtor. Counsel to the Debtor reluctantly agreed to produce some, but not all, of the documents requested by the Movants. Despite agreeing to produce certain documents, the Debtor has not agreed to produce the majority of the requested documents including, but not limited to, the network data and has failed to sign off on a stipulation establishing complete production and authentication of the documents produced to be filed with the Court.

## 2.  Argument

The scope of the examination permitted under Bankruptcy Rule 2004 is broad and generally, unfettered.  *See, e.g., In re Table Talk, Inc.*, 51 B.R. at 145.  *See also Martin v. KeyBank of New York*, 208 B.R. 807, 810 (N.D.N.Y. 1997) (the general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted); *In re CENA's Fine Furniture Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) (the scope of a Rule 2004 examination is unfettered and broad…examinations under Rule 2004 are allowed for the purpose of discovery assets and unearthing frauds) (internal citations omitted); *see also See In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Rule 2004 examination is "discovering assets and unearthing frauds"); *In re Symington*, 209 B.R. 678, 682-68 (Bankr. D. Md. 1997); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).

Movants are a party in interest and seeks to examine the Debtor relating to acts, conduct, liabilities and the financial conditions of Debtor and/or property of the estate, or other matters that may affect the administration of the estate including, but not limited to, the relationship between Debtor, Stoneway and Calzona.  Such examination is directly relevant to the administration of this case and the assets and liabilities of the Debtor, as well as the recovery available to the Movants.

Movants respectfully request an order from the court requiring the Debtor to produce, on or before September 8, 2025, to Movants, any and all documents listed in <u>Exhibit A</u> and ordering  an

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-4-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF DEBTOR**

examination of the Debtor commencing on or after September 17, 2025, or at another mutually agreeable time and date, and continuing day-to-day until concluded.

### 3. Certification of Conference

The undersigned hereby certifies that he conferred with counsel to the Debtor via email to arrange for a mutually agreeable date, time, place, and scope of an examination but was not able to come to an agreement.

WHEREFORE, Movants respectfully request that the Court enter an Order authorizing the examination of the Debtor pursuant to Rule 2004, and granting such other and further relief as the Court deems just and equitable.

Dated:  August 11, 2025

Barnes & Thornburg LLP

By: */s/ Paul J. Laurin*
Paul J. Laurin

Attorneys for
INVESTOR CREDITOR GROUP

## EXHIBIT A

### DEFINITIONS

A.      "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

B.      "Balance Sheet" shall mean a financial statement that consists of a three-part summary of a company's assets, liabilities, and ownership equity at a particular instance in time.

C.      "Calzona" means Calzona Truck Sales, Inc.

D.      "Cash Flow Statement" shall mean a financial statement that measures how much cash is entering and leaving the entity throughout a specific accounting period.

E.      "CFS" means Cornerstone Financial Services.

F.      "Chapter 7 Trustee" shall mean Larry D. Simons in his capacity as chapter 7 trustee over the bankruptcy estate of David Robert Stone.

G.      "Concerning," "Relate to," "Relating To," or "Related To" means memorializing, referring to summarizing, describing, supporting, contradicting, or otherwise having a connection with the described subject matter.

H.      "Debtor" shall mean David Robert Stone individually and/or the entity CFS.

1.      "Document" or "Communication" or "Correspondence" means each and every form of communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Debtor's possession, custody, or control, including but not limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, iMessages, text messages, WhatsApp messages, tapes, stenographic or handwritten notices, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs,

1

minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts, or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found in the original documents or otherwise not identical to the original documents.  To the extent a document, communication or correspondence is maintained in electronic form, such material must be produced in its native format (e.g. Excel, Word, Adobe PDF, Outlook PST, etc.)

I.      "General Ledger" shall mean the main accounting ledger used to debit and credit accounts and to create businesses' financial statements.

J.      "Investors" means individuals, trusts and/or entities who invested in and/or loaned monies to the Debtor, CFS, Stoneway, and/or Calzona as evidenced by the Notes.

K.      'Notes" means promissory notes executed by the Debtor and/or CFS and made payable to Investors .

L.      "Petition Date" shall mean April 15, 2025.

M.      "Schedules" and "Statement of Financial Affairs" refer to the documents bearing those names filed by Debtor in *In Re David Robert Stone*, Case No. 6:25-bk-12353-SY (Bankr. C.D, Cal.).

N.      "Stoneway" means Stoneway Capital Corporation.

**REQUESTS**

1.      All Documents relating to or evidencing any and all bank accounts, depository accounts, monetary funds, cryptocurrency accounts/wallets/exchanges and other locations of monies and/or other assets owned by or held by the benefit of the Debtor and/or CFS.

2.      All Documents relating to or evidencing any and all bank accounts, depository accounts, monetary funds, cryptocurrency accounts/wallets/exchanges and other locations of monies and/or other assets owned by or held by the benefit of Stoneway Capital.

3.      All Documents relating to or evidencing any and all bank accounts, depository accounts, monetary funds, cryptocurrency accounts/wallets/exchanges and other locations of monies and/or other assets owned by or held for the benefit of Calzona.

4.      All Documents evidencing all deposits, withdrawals, checks, electronic transfers, or other activity from, into or out of all bank accounts, investment accounts, depository accounts, monetary funds, cryptocurrency accounts/wallets/exchanges, or other monetary accounts held in the name of or controlled by the Debtor and/or CFS.

5.      Personal Tax Returns of the Debtor for 2021, 2022, 2023, and 2024.

6.      Entity tax returns filed by or for the Debtor for 2021, 2022, 2023, and 2024.

7.      General Ledger for the five years immediately preceding the Petition Date for each of the Debtor, CFS, Calzona, or Stoneway individually or on a consolidated basis.

8.      Balance Sheets for the five years immediately preceding the Petition Date for Debtor, CFS, Calzona or Stoneway individually or on a consolidated basis.

9.      Cash Flow Statements for the five years immediately preceding the Petition Date for Debtor, Calzona, or Stoneway individually or on a consolidated basis.

3

10.    All Documents and Communications relating to or evidencing representations made by the Debtor to actual or prospective Investors regarding the yields, safety and/or secured status of the Notes, including but not limited to copies of all UCC filings.

11.    All Documents and Communications relating to or evidencing any solicitation of investments by the Debtor to actual or prospective Investors.

12.    All Documents and Communications by and between the Debtor and Dawn Stanley and/or Dawn Houston related to CFS solicitation of actual or prospective Investors, the creation, modification, amendment or roll-over of Notes, financial statements, Stoneway Corp, or Calzona.

13.    All Documents and Communications by and between the Debtor and Logan Stone related to CFS solicitation of actual or prospective Investors, the creation, modification, amendment or roll-over of Notes, financial statements, Stoneway Corp, or Calzona.

14.    All Documents and Communications by and between the Debtor and Mike Churley related to CFS solicitation of actual or prospective Investors, the creation, modification, amendment or roll-over of Notes, financial statements, Stoneway Corp, or Calzona.

15.    All Documents and Communications relating to the maturity, "rolling over" of, or re-writing of any of the Notes.

16.    All Documents and Communications concerning, or which record, reflect or relating to payments, transfers, or other financial benefits exceeding $1,000 from the Debtor to or for the benefit of any relative of the Debtor, including but not limited to Anna Stone, Logan Stone, Laura Stone, Lola Stone, and Pia Klausen, from January 1, 2021 to present.

17.    All Documents and Communications relating to the issuance or non-issuance of Forms 1099 to any of the Investors.

4

18.     All Communications relating to any direction or instruction regarding payments of amounts to any Investor.

19.     All promissory notes, security agreements, and other Documents evidencing the loans made to, or investments made in, the Debtor.

20.     All Communications by the Debtor to any third party concerning the financial performance or condition of the Debtor and/or CFS from January 1, 2021 to present.

21.     All electronic records and data of the Debtor, CFS, Stoneway, and Calzona produced in its native form including but not limited to Quickbooks or similar programs.

22.     All Documents evidencing or relating to any purchase or sale of real property by Debtor and the source of any cash payments related to same.

23.     All Documents evidencing or relating to the purchase, lease, or repossession of any truck, trailer and/or truck/trailer combination by Debtor, Calzona and/or Stoneway.

24.     All Document reflecting the Vehicle Identification Numbers  for all vehicles owned by Debtor, CFS, Stoneway, or Calzona  or in which any of those entities holds a security interest,

25.     All Documents evidencing or relating to any life insurance policies of the Debtor.

26.     All Documents evidencing or relating to any Trust that Debtor, or his spouse Anna Stone or son Logan Stone,  is a beneficiary or settlor of.

27.     All Documents and Communications relied upon by Debtor in preparing the Schedules and Statement of Financial Affairs.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Barnes & Thornburg, 2029 Century Park East, Suite 300, Los Angeles, CA  90067.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 11, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Charles L Doerksen**    cld@doerksentaylor.com
- **Anthony Dutra**    adutra@hansonbridgett.com, ssingh@hansonbridgett.com
- **Christopher Hart**    chart@nutihart.com, admin@nutihart.com
- **Sarah Rose Hasselberger**    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Chris D. Kuhner**    c.kuhner@kornfieldlaw.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Leah Anne O'Farrell**    lofarrell@btlaw.com, slmoore@btlaw.com;marisa.howell@btlaw.com
- **Maria K Pum**    maria.pum@procopio.com, barb.young@procopio.com
- **Laila Rais**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Gregory A Rougeau**    grougeau@brlawsf.com
- **Vicki L Schennum**    schennumlaw@icloud.com
- **Larry D Simons (TR)**    larry@janus.law, c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@janus.law
- **William A Smelko**    William.Smelko@procopio.com, anant.pandadiya@procopio.com,calendaringbankruptcy@procopio.com
- **Michael G Spector**    mgspector@aol.com, mgslawoffice@aol.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> David Robert Stone
> 4310 Redwood Hwy, Suite 100
> San Rafael, CA 94903

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 11, 2025 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 11, 2025 | Stephanie L. Moore | /s/ Stephanie L. Moore |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.