PAUL J. LAURIN, (SBN 136287)
*paul.laurin@btlaw.com*
LYRIC MENGES, (SBN 356378)
*Lyric.menges@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:    (310) 284-3880
Facsimile:    (310) 284-3894

Attorneys for
JACQUIE SOLOMON

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>DAVID ROBERT STONE,<br><br>         Debtor. | Case No.: 6:25-BK-12353-SY<br><br>Chapter 7<br><br>**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF JASON SOLOMON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION LYRIC MENGES IN SUPPORT THEREOF**<br><br>No Hearing Required |

TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, JASON SOLOMON, THE CHAPTER 7 TRUSTEE AND ALL OTHER PARTIES ENTITLED TO ELECTRONIC NOTICE:

Jacquie Solomon (the "Movant") has filed an amended motion ("Motion") for order compelling the Jason Solomon (the "Examinee") to produce documents and appear for an examination under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. The examinations cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between the Movant and the Examinee

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

encompassing the breadth of matters subject to appropriate inquiry.

The Movant requests that the Court grant the Motion without a hearing as provided for in LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on the debtor, debtor's attorney, the trustee, the United States trustee, and the examinee as specified in LBR 2014-1.  The Motion is based upon the legal and factual grounds set forth in the Motion.  The full Motion is attached to this notice.  The Movant will promptly lodge an order that the Court may use to rule on the Motion, as the court may rule on the Motion without hearing and without an opportunity for any party to file a request for hearing.

Dated:  October 2, 2025                    Barnes & Thornburg LLP


By: */s/ Paul J. Laurin*
    Paul J. Laurin
    Attorneys for
    JACQUIE SOLOMON

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

## MEMORANDUM OF POINTS AND AUTHORITIES

Jacquie Solomon ("Solomon") (the "Movant"), through undersigned counsel, hereby moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Procedure") for the entry of an order compelling Jason Solomon (the "Examinee") to produce documents described in the attached Exhibit A and appear for an examination under oath.

The Movant individually and through her self-directed trust is a putatively secured creditor of the Debtor holding an undisputed claim in the sum of $500,000.00.

### 1.     Factual Background

On April 14, 2025 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing Case No. 6:25-bk-1253 ("Bankruptcy Case') pending the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

Prior to the Petition Date, the Debtor operated CFS, a sole proprietorship purportedly engaged in the lease financing of commercial trucks and equipment.  At the same time, Debtor operated two other related companies, Stoneway Capital Corporation ("Stoneway") and Calzona Truck Sales, Inc. ("Calzona") filed voluntary petitions under Chapter 7 of the Bankruptcy Code. *See In re Stoneway Capital Corporation*, Case No. 6:25-bk-12346-SY (Bankr. C.D. Cal.); *In re Calzona Truck Sales, Inc.*, Case No.  6:25-bk-12344-SY (Bankr. C.D. Cal.)[1]  At this time it is unclear exactly why CFS and the other companies were created and coordinated.

Examinee, Jason Solomon, is the former husband of creditor Jacquie Solomon and business associate of Debtor. He solicited Ms. Solomon to invest in Debtor's business. Ultimately Ms. Solomon learned her investment had been placed by Debtor into the Calzona debtor entity without explanation or her permission. Creditor Solomon seeks to assess how and to what extent her former husband directed the investment to Calzona, the role he played related to the business operations of the Debtor, its contracts and commitments with investor-creditors and flow of her investment funds solicited by Examinee.

---

[1] Charles Daff was appointed by the Office of the Untied States Truste as trustee of the Stoneway Capital bankruptcy chapter 7. He serves as the permanent trustee in that case.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-3-

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

Jason Solomon resides at 1800 William Drive, Penngrove, California 94951, and, upon information and belief, he is currently unemployed.

## ARGUMENT

Bankruptcy Rule 2004 permits any party in interest to examine any entity relating to the acts, conduct or property of the debtor, the liabilities and financial condition of the debtor or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)-(b). Generally, the purpose of a Bankruptcy Rule 2004 motion is to assist the investigator in revealing the nature and extent of the estate and to "[d]iscover assets, examine transactions, and determine whether wrongdoing has occurred." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996).

The scope of the examination permitted under Bankruptcy Rule 2004 is broad and generally unfettered. *See, e.g., In re Table Talk, Inc.*, 51 B.R. at 145. *See also Martin v. KeyBank of New York*, 208 B.R. 807, 810 (N.D.N.Y. 1997) (the general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted); *In re CENA's Fine Furniture Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) (the scope of a Rule 2004 examination is unfettered and broad…examinations under Rule 2004 are allowed for the purpose of discovery assets and unearthing frauds) (internal citations omitted); *see also In re Symington*, 209 B.R. 678, 682-68 (Bankr. D. Md. 1997); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).

Movant is a creditor and seeks to examine a third-party business associate of Debtor relating to acts, conduct, liabilities and the financial conditions of Debtor and property of the estate, or other matters that may affect the administration of the estate including, but not limited to, the relationship between Debtor, Stoneway and Calzona. Such examination is directly relevant to the administration of this case, as well as the related cases of Debtor, and the assets and liabilities of the Debtor, as well as the recovery available to the Movant, as her investment was placed in Calzona without her knowledge or permission.

Movant respectfully requests an order from the court requiring the Jason Solomon to produce, on or before October 26, 2025, any and all documents listed in Exhibit A and compelling a deposition of Jason Solomon commencing the week of October 27, 2025, or at another mutually

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

agreeable time and date.

WHEREFORE, Movant respectfully requests that the Court enter an Order authorizing the issuance of a subpoena and examination of Jason Solomon pursuant to Rule 2004 and Rule 9016 and granting such other and further relief as the Court deems just and equitable.

Dated:  October 2, 2025                    Barnes & Thornburg LLP


By: */s/ Paul J. Laurin*
Paul J. Laurin
Attorneys for
JAQUIE SOLOMON

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

## DECLARATION OF LYRIC MENGES

I, Lyric Menges, do hereby declare as follows:

1.     I am an attorney duly admitted to practice law before all courts of the State of California.  I am an associate with the law firm of Barnes & Thornburg, LLP, counsel of record for Jacquie Solomon.  I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2.     This declaration is filed in support of the *Notice of Motion and Motion for Rule 2004 Examination of Jason Solomon Pursuant to Fed. R. Bankr. P. 2004; Memorandum of Points and Authorities* (the "Motion").  The Motion requests that Jason Solomon (the "Proposed Examinee") produce documents.

3.     The examinations cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between Jacquie Solomon and the Proposed Examinee encompassing the breadth of matters subject to appropriate inquiry.

4.     Attached hereto as <u>Exhibit A</u> are the proposed Requests for Production from Jacquie Solomon to Jason Solomon.

5.     Pursuant to Local Bankruptcy Rule 2004-1, on September 22 of 2025, I communicated with Jason Solomon over the telephone, to arrange for a mutually agreeable date and time of Mr. Solomon's Bankruptcy Rule 2004 production of the proposed Requests for Production from Jacquie Solomon to Jason Solomon attached hereto as Exhibit A. Mr. Solomon agreed to produce documents as requested in Exhibit A.  Mr. Solomon agreed to produce documents by mid-October and discussions of a 2004 examination to be conducted within 100-miles of Mr. Solomon's residence are still ongoing.

6.     Jason Solomon resides at 1800 William Drive, Penngrove, California 94951, and, upon information and belief, he is currently unemployed.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

Executed this 2nd day of October 2025, at Los Angeles, California.

*/s/ Lyric Menges*
Lyric Menges

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

## **EXHIBIT A**

Pursuant to Rule 9014 and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Jacquie Solomon, hereby requests that Jason Solomon (the "Examinee") produce the following described documents at the offices of Barnes & Thornburg, LLP, 2029 Century Park East, Suite 300, Los Angeles, CA 90067 within thirty (30) days of the service of these Requests and permit the undersigned to inspect and copy.

## **DEFINITIONS**

"Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

A.    "Account Statement" shall mean any periodic (monthly, quarterly, annual) statement produced by a financial institution reflecting all activity in a specific account, including deposits, withdrawals transfers, fees, interest, and ither debits/credits.

B.    "Calzona" means Calzona Truck Sales, Inc.

C.    "Cash Flow Statement" shall mean a financial statement that measures how much cash is entering and leaving the entity throughout a specific accounting period.

D.    "CFS" means Cornerstone Financial Services.

E.    "Chapter 7 Trustee" shall mean Larry D. Simons in his capacity as chapter 7 trustee over the bankruptcy estate of David Robert Stone.

F.    "Debtor" shall mean David Robert Stone individually and/or the entity CFS.

G.    "Default" means any failure by the Debtor, CFS, Stoneway, or Calzona to timely perform under any Note, Deed of Trust, or related agreement, including missed payments, covenant breaches, or other acts of noncompliance.

H.    "Document" or "Communication" or "Correspondence" means each and every form of communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Debtor's possession, custody, or control, including but not limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, iMessages, text messages, WhatsApp

-8-

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

messages, tapes, stenographic or handwritten notices, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts, or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found in the original documents or otherwise not identical to the original documents.  To the extent a document, communication or correspondence is maintained in electronic form, such material must be produced in its native format (e.g., Excel, Word, Adobe PDF, Outlook PST, etc.).

I.      "Investors" means individuals, trusts and/or entities who invested in and/or loaned monies to the Debtor, CFS, Stoneway, and/or Calzona as evidenced by the Notes.

J.      "Note" means any promissory note, loan agreement, or similar instrument evidencing any indebtedness from the Debtor, CFS, Stoneway, or Calzona to Steinburg Trust, including but not limited to, that certain Promissory Note dated December 7, 2012, in the principal amount of $698,935.72.

K.      "Notice" means any formal or informal written or oral communication, including notifications, alerts, announcements, or advisements, regarding material activity, suspected violations, default, or compliance matters.

L.      "Petition Date" shall mean April 15, 2025.

M.      "Schedules" and "Statement of Financial Affairs" refer to the documents bearing those names filed by Debtor in *In Re David Robert Stone*, Case No. 6:25-bk-12353-SY (Bankr. C.D, Cal.).

N.      "You," or "Your," means Examinee Jason Solomon and any staff, agents, affiliates, and all persons acting on his behalf.

/ / /

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF JASON SOLOMON**

## **INSTRUCTIONS**

1.      The words "and" and "or" shall be construed in the conjunctive or disjunctive as is necessary to make the request inclusive rather than exclusive.

2.      The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive.

3.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

4.      The phrases "concerning," "relate to," "relates to," "relating to," "regarding" or any conjunction thereof, shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradiction, negating, or referring to the topic or subject in question, either in whole or in part.

5.      Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies in Your possession, custody, or control or in the possession, custody, or control of Your attorneys, agents, partners, managers, employees and/or representatives.

6.      Each request for documents seeks production of documents in the form kept in the ordinary course of business, including native electronic format with metadata for emails, spreadsheets, etc.

7.      If a responsive document once existed but has been destroyed or cannot be located, please describe the document's contents, author(s), and addressee(s) to the extent possible, and the circumstances of the document's destruction or disappearance.

8.      If You claim the attorney-client privilege, or any other privilege or work product protection for any document, please provide the following information with respect to each document:

      a.      The date of the document;

      b.      The type of document;

      c.      The author(s) of the document;

      d.      The recipient(s) of the document;

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

e.      The general subject matter of the document; and

f.      The basis for the claimed privilege.

9.      If you object to a request or any portion thereof, set forth fully and in detail the basis for such objection and answer or respond to the remainder of the request.

10.     If responsive documents come to be known after the date of production, promptly supplement your production and/or responses.

11.     The time period for each request, unless otherwise indicated, shall be from January 1, 2012 to the date of response, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

## **REQUESTS**

1.      Any and all Notes or other evidence of indebtedness received from the Debtor, CFS, Calzona and/or Stoneway reflecting funds You claim You transferred to the Debtor, CFS, Calzona and/or Stoneway on your behalf or on behalf of any other individual or entity.

2.      All Communications by and between You and the Debtor.

3.      All Communications by and between You and Dawn Stanley.

4.      All Communications by and between You and Logan Stone.

5.      All Documents and Communications related to Jacquie Solomon's investment in CFS, Calzona and/or Stoneway.

6.      All Documents and Communications related to Your role in CFS.

7.      All Documents and Communications related to contracts with any other investor or creditor of the Debtor, CFS, Calzona and/or Stoneway.

8.      All Communications regarding the valuation of personal property collateral (e.g. truck leases) related to the Debtor, CFS, Calzona and/or Stoneway.

9.      All Communications between you and any other investor or creditor of the Debtor, CFS, Calzona and/or Stoneway.

10.     All Documents demonstrating that You sent funds to, or for the benefit of, any of the Debtor, CFS, Calzona and/or Stoneway.

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

11.    All Documents demonstrating that You received funds from any of the Debtor, CFS, Calzona and/or Stoneway.

12.    All documents regarding or referring to transfers of personal property, including vehicles, to or from the Debtor, CFS, Calzona and/or Stoneway.

Dated:  October 2, 2025                              Barnes & Thornburg LLP


By: */s/ Paul J. Laurin*
    Paul J. Laurin
    Attorneys for
    JAQUIE SOLOMON

**AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF JASON SOLOMON**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Barnes & Thornburg, 2029 Century Park East, Suite 300, Los Angeles, CA  90067.

A true and correct copy of the foregoing document entitled (*specify **AMENDED NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF JASON SOLOMON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION LYRIC MENGES IN SUPPORT THEREOF***  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 2, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Charles L Doerksen**    cld@doerksentaylor.com
- **Anthony Dutra**    adutra@hansonbridgett.com, ssingh@hansonbridgett.com
- **Christopher Hart**    chart@nutihart.com, admin@nutihart.com
- **Sarah Rose Hasselberger**    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Chris D. Kuhner**    c.kuhner@kornfieldlaw.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Leah Anne O'Farrell**    lofarrell@btlaw.com, slmoore@btlaw.com;marisa.howell@btlaw.com
- **Maria K Pum**    maria.pum@procopio.com, barb.young@procopio.com
- **Laila Rais**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Gregory A Rougeau**    grougeau@brlawsf.com
- **Vicki L Schennum**    schennumlaw@icloud.com
- **Larry D Simons (TR)**    larry@janus.law, c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@janus.law
- **William A Smelko**    William.Smelko@procopio.com, anant.pandadiya@procopio.com,calendaringbankruptcy@procopio.com
- **Michael G Spector**    mgspector@aol.com, mgslawoffice@aol.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

☐    Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**2.  SERVED BY UNITED STATES MAIL**:
On **October 2, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
DAVID ROBERT STONE
4310 REDWOOD HWY, SUITE 100
SAN RAFAEL, CA 94903

JASON SOLOMON
1800 WILLIAM DRIVE
PENNGROVE, CA 94951

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 2, 2025** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2025 | Stephanie L. Moore | */s/  Stephanie L. Moore* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.