PAUL J. LAURIN, (SBN 136287)
*paul.laurin@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:     (310) 284-3880
Facsimile:     (310) 284-3894

MOLLY SIGLER, (admitted *pro hac vice*)
*molly.sigler@btlaw.com*
**BARNES & THORNBURG LLP**
1600 West End Ave., Suite 800
Nashville, TN 37203
Telephone:     (612) 367-8728
Facsimile:     (615) 621-6099

Attorneys for
THE INVESTOR-CREDITOR GROUP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>DAVID ROBERT STONE,<br><br>         Debtor. | Case No.: 6:25-BK-12353-SY<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF ANNA STONE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION PAUL LAURIN IN SUPPORT THEREOF**<br><br>No Hearing Required |

TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, ANNA STONE, THE

CHAPTER 7 TRUSTEE AND ALL OTHER PARTIES ENTITLED TO ELECTRONIC

NOTICE:

    Blake Andros, Linda Bruggenkamp, Scott Cunningham, Charles Dimick, Danielle Dimick,

Tom Hill, Mike McGrath, John Russi, Marc Sebastian, Jacquie Solomon, Michael Stone, Catherine

Thomas, and Alan Thomas (collectively, the "Investor-Creditor Group" or the "ICG"), creditors in

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

the above referenced case, has filed a motion ("Motion") for order compelling Anna Stone (the "Examinee") to produce documents and appear for an examination under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. The examinations cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between the ICG and the Examinee encompassing the breadth of matters subject to appropriate inquiry.

The ICG requests that the Court grant the Motion without a hearing as provided for in LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on the debtor, debtor's attorney, the trustee, the United States trustee, and the examinee as specified in LBR 2014-1.  The Motion is based upon the legal and factual grounds set forth in the Motion.  The full Motion is attached to this notice.  The ICG will promptly lodge an order that the Court may use to rule on the Motion, as the court may rule on the Motion without hearing and without an opportunity for any party to file a request for hearing.

Dated:  November 20, 2025                    Barnes & Thornburg LLP


By: */s/ Paul J. Laurin*
        Paul J. Laurin
        Attorneys for
        THE INVESTOR-CREDITOR GROUP

-2-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

# MEMORANDUM OF POINTS AND AUTHORITIES

Blake Andros, Linda Bruggenkamp, Scott Cunningham, Charles Dimick, Danielle Dimick, Tom Hill, Mike McGrath, John Russi, Marc Sebastian, Jacquie Solomon, Michael Stone, Catherine Thomas, and Alan Thomas (collectively, the "Investor-Creditor Group" or the "ICG"), through undersigned counsel, hereby moves pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Procedure") for the entry of an order compelling Anna Stone (the "Examinee") to produce documents described in the attached Exhibit A and appear for an examination under oath.

The ICG are creditors in the above-referenced case.

## 1.    Factual Background

On April 14, 2025 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing Case No. 6:25-bk-12353 ("Bankruptcy Case') pending the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

Prior to the Petition Date, the Debtor operated CFS, a sole proprietorship purportedly engaged in the lease financing of commercial trucks and equipment.  At the same time, Debtor operated two other related companies, Stoneway Capital Corporation ("Stoneway") and Calzona Truck Sales, Inc. ("Calzona") filed voluntary petitions under Chapter 7 of the Bankruptcy Code. *See In re Stoneway Capital Corporation*, Case No. 6:25-bk-12346-SY (Bankr. C.D. Cal.); *In re Calzona Truck Sales, Inc.*, Case No.  6:25-bk-12344-SY (Bankr. C.D. Cal.)[1]  At this time it is unclear exactly why CFS and the other companies were created and coordinated.

Examinee, Anna Stone, is the wife of Debtor. According to Debtor's Amended Schedules, filed on June 5, 2025, Debtor alleges that Anna Stone is the owner of several potentially valuable items of personal property, thus, taking that personal property out of Debtor's estates. Additionally, Anna Stone has filed a proof of claim in this case in the amount of $1,780,634.01 for monies loaned to the Debtor, identified as claim number 13. Through a Rule 2004 examination of Anna Stone, the

---

[1] Charles Daff was appointed by the Office of the Untied States Truste as trustee of the Stoneway Capital bankruptcy chapter 7. He serves as the permanent trustee in that case.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

ICG seeks to understand, *among other things*, the transfers between Debtor and Anna Stone, details surrounding certain personal property of the Debtor and Anna Stone and the ownership thereof, and other general information about Debtor's assets, liabilities, transfers and income. For the avoidance of doubt, by specifying certain topics the ICG intends to cover in the Rule 2004 examination, the ICG is in no way limiting the type of questions it intends to ask in the examination. Indeed, "[t]he scope of a 2004 examination is 'unfettered and broad' and is akin to a fishing expedition." *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bnkr. C.D. Cal., 2011).

Anna Stone resides at 49841 Canyon View Drive, Palm Desert, California 92260, and, upon information and belief, she is currently unemployed.

## **ARGUMENT**

Bankruptcy Rule 2004 permits any party in interest to examine any entity relating to the acts, conduct or property of the debtor, the liabilities and financial condition of the debtor or "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)-(b). Generally, the purpose of a Bankruptcy Rule 2004 motion is to assist the investigator in revealing the nature and extent of the estate and to "[d]iscover assets, examine transactions, and determine whether wrongdoing has occurred." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996).

The scope of the examination permitted under Bankruptcy Rule 2004 is broad and generally unfettered. *See, e.g., In re Table Talk, Inc.*, 51 B.R. at 145. *See also Martin v. KeyBank of New York*, 208 B.R. 807, 810 (N.D.N.Y. 1997) (the general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted); *In re CENA's Fine Furniture Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) (the scope of a Rule 2004 examination is unfettered and broad…examinations under Rule 2004 are allowed for the purpose of discovery assets and unearthing frauds) (internal citations omitted); *see also In re Symington*, 209 B.R. 678, 682-68 (Bankr. D. Md. 1997); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).

The ICG is composed of creditors, and they seek to examine Anna Stone, as an insider of Debtor, relating to Debtor and property of the estate, or other matters that may affect the administration of the estate including, but not limited to, the disposition of Debtor's property

-4-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

leading up to the Petition Date.  Such examination is directly relevant to the administration of this case, as well as the related cases of Debtor, and the assets and liabilities of the Debtor, as well as the recovery available to the ICG.

The ICG respectfully requests an order from the court requiring Anna Stone to produce, on or before January 5, 2026, any and all documents listed in Exhibit A, beginning at 10:00 a.m. (PT), at Kayway Attorney Services, 777 E Tahquitz Canyon Way suite 200-28, Palm Springs, CA 92262 and compelling a deposition of Anna Stone on January 9, 2026, beginning at 10:00 a.m. (PT), at Kayway Attorney Services, 777 E Tahquitz Canyon Way suite 200-28, Palm Springs, CA 92262.

WHEREFORE, the ICG respectfully requests that the Court enter an Order authorizing the issuance of a subpoena and examination of Anna Stone pursuant to Rule 2004 and Rule 9016 and granting such other and further relief as the Court deems just and equitable.

Dated:  November 20, 2025

Barnes & Thornburg LLP

By: */s/ Paul J. Laurin*
Paul J. Laurin
Attorneys for
THE INVESTOR-CREDITOR GROUP

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-5-
**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

### DECLARATION OF PAUL LAURIN

I, Paul Laurin, do hereby declare as follows:

1.  I am an attorney duly admitted to practice law before all courts of the State of California. I am a partner with the law firm of Barnes & Thornburg, LLP, counsel of record for the Investor-Creditor Group ("ICG"). I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2.  This declaration is filed in support of the *Notice of Motion and Motion for Rule 2004 Examination of Anna Stone Pursuant to Fed. R. Bankr. P. 2004; Memorandum of Points and Authorities* (the "Motion"). The Motion requests that Anna Stone (the "Proposed Examinee") produce documents and submit to an examination.

3.  The examination cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary or contested proceeding is currently pending between the ICG and the Proposed Examinee encompassing the breadth of matters subject to appropriate inquiry.

4.  Attached hereto as <u>Exhibit A</u> are the proposed Requests for Production from the ICG to Anna Stone.

5.  Pursuant to Local Bankruptcy Rule 2004-1, I attempted to confer with Richard G. Heston, counsel of record for Anna Stone, over email on November 6, 2025, and over the telephone on November 7, 2025, to arrange for a mutually agreeable date, time, place, and scope of Anna Stone's Bankruptcy Rule 2004 examination and production of the proposed Requests for Production attached hereto as Exhibit A. I spoke to a receptionist at Mr. Heston's law firm, who confirmed that Mr. Heston was in a meeting and took my message, but I have not received a response back from Mr. Heston.

6.  I understand Anna Stone resides at 49841 Canyon View Dr, Palm Desert, CA 92260, with the Debtor, and, upon information and belief, she is currently unemployed.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 20th day of November 2025, at Los Angeles, California.

*/s/  Paul J. Laurin*
Paul J. Laurin

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-6-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

**EXHIBIT A**

Pursuant to Rule 9014 and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Blake Andros, Linda Bruggenkamp, Scott Cunningham, Charles Dimick, Danielle Dimick, Tom Hill, Mike McGrath, John Russi, Marc Sebastian, Jacquie Solomon, Michael Stone, Catherine Thomas, and Alan Thomas (collectively, the "Investor-Creditor Group" or the "ICG"), hereby requests that Anna Stone (the "Examinee") produce the following described documents at Kayway Attorney Services, 777 E Tahquitz Canyon Way suite 200-28, Palm Springs, CA 92262 on January 5, 2026, beginning at 10:00 a.m. (PT) and permit the undersigned to inspect and copy the same.

**DEFINITIONS**

"Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

A.     "Account Statement" shall mean any periodic (monthly, quarterly, annual) statement produced by a financial institution reflecting all activity in a specific account, including deposits, withdrawals transfers, fees, interest, and ither debits/credits.

B.     "Calzona" means Calzona Truck Sales, Inc.

C.     "Cash Flow Statement" shall mean a financial statement that measures how much cash is entering and leaving the entity throughout a specific accounting period.

D.     "CFS" means Cornerstone Financial Services.

E.     "Chapter 7 Trustee" shall mean Larry D. Simons in his capacity as chapter 7 trustee over the bankruptcy estate of David Robert Stone.

F.     "Debtor" shall mean David Robert Stone individually and/or the entity CFS.

G.     "Default" means any failure by the Debtor, CFS, Stoneway, or Calzona to timely perform under any Note, Deed of Trust, or related agreement, including missed payments, covenant breaches, or other acts of noncompliance.

H.     "Document" or "Communication" or "Correspondence" means each and every form of communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Debtor's possession, custody, or control, including but not

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, iMessages, text messages, WhatsApp messages, tapes, stenographic or handwritten notices, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts, or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found in the original documents or otherwise not identical to the original documents.  To the extent a document, communication or correspondence is maintained in electronic form, such material must be produced in its native format (e.g., Excel, Word, Adobe PDF, Outlook PST, etc.).

I.      "Investors" means individuals, trusts and/or entities who invested in and/or loaned monies to the Debtor, CFS, Stoneway, and/or Calzona as evidenced by the Notes.

J.      "Note" means any promissory note, loan agreement, or similar instrument evidencing any indebtedness from the Debtor, CFS, Stoneway, or Calzona.

K.      "Notice" means any formal or informal written or oral communication, including notifications, alerts, announcements, or advisements, regarding material activity, suspected violations, default, or compliance matters.

L.      "Petition Date" shall mean April 15, 2025.

M.      "Schedules" and "Statement of Financial Affairs" refer to the documents bearing those names filed by Debtor in *In Re David Robert Stone*, Case No. 6:25-bk-12353-SY (Bankr. C.D, Cal.).

N.      "You," or "Your," means Examinee Anna Stone and any staff, agents, affiliates, and all persons acting on her behalf.

/ / /

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

-8-

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

## INSTRUCTIONS

1. The words "and" and "or" shall be construed in the conjunctive or disjunctive as is necessary to make the request inclusive rather than exclusive.

2. The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive.

3. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

4. The phrases "concerning," "relate to," "relates to," "relating to," "regarding" or any conjunction thereof, shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradiction, negating, or referring to the topic or subject in question, either in whole or in part.

5. Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies in Your possession, custody, or control or in the possession, custody, or control of Your attorneys, agents, partners, managers, employees and/or representatives.

6. Each request for documents seeks production of documents in the form kept in the ordinary course of business, including native electronic format with metadata for emails, spreadsheets, etc.

7. If a responsive document once existed but has been destroyed or cannot be located, please describe the document's contents, author(s), and addressee(s) to the extent possible, and the circumstances of the document's destruction or disappearance.

8. If You claim the attorney-client privilege, or any other privilege or work product protection for any document, please provide the following information with respect to each document:

    a. The date of the document;

    b. The type of document;

    c. The author(s) of the document;

    d. The recipient(s) of the document;

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE**

e.      The general subject matter of the document; and

f.      The basis for the claimed privilege.

9.      If you object to a request or any portion thereof, set forth fully and in detail the basis for such objection and answer or respond to the remainder of the request.

10.      If responsive documents come to be known after the date of production, promptly supplement your production and/or responses.

11.      The time period for each request, unless otherwise indicated, shall be from January 1, 2012 to the date of response, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

**REQUESTS**

1.      All Documents and Communications regarding or referring to the ownership, investment, or transfers of personal property, including vehicles, jewelry, precious metals (such as gold or silver), precious gemstones (such as diamonds), artwork, and wine collections to or from the Debtor, CFS, Calzona and/or Stoneway.

2.      Any and all Documents and Communications demonstrating that You received funds from any of the Debtor, CFS, Calzona, and/or Stoneway.

3.      Any and all Documents and Communications demonstrating that You transferred funds to any of the Debtor, CFS, Calzona, and/or Stoneway.

4.      All Communications by and between You and the Debtor within the two years before the Petition Date concerning the business operations of Debtor, Stoneway, and/or Calzona and/or the transfer of Debtor's assets to Anna Stone.

5.      All Communications by and between You and Dawn Stanley within the two years before the Petition Date.

6.      All Communications by and between You and Logan Stone within the two years before the Petition Date concerning the business operations of Debtor, Stoneway, and/or Calzona and/or the transfer of Debtor's assets to Logan Stone.

NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION
OF ANNA STONE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Barnes & Thornburg, 2029 Century Park East, Suite 300, Los Angeles, CA  90067.

A true and correct copy of the foregoing document entitled (*specify **NOTICE OF MOTION AND MOTION FOR RULE 2004 EXAMINATION OF ANNA STONE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION PAUL LAURIN IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 20, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **November 20, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 20, 2025** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Honorable Scott H. Yun
> United States Bankruptcy Court
> Central District of California
> 3420 Twelfth Street, Suite 345 / Courtroom 302
> Riverside, CA 92501-3819

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 20, 2025 | Stephanie L. Moore | /s/  Stephanie L. Moore |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## 1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Anthony Bisconti**    tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Lynda T Bui**    lbui@shulmanbastian.com, ecf.filings@shbllp.com
- **Charles L Doerksen**    cld@doerksentaylor.com
- **Anthony Dutra**    adutra@hansonbridgett.com, ssingh@hansonbridgett.com
- **Christopher Hart**    chart@nutihart.com, admin@nutihart.com
- **Sarah Rose Hasselberger**    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Bernard J Kornberg**    bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **Chris D. Kuhner**    c.kuhner@kornfieldlaw.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Leah Anne O'Farrell**    lofarrell@btlaw.com, slmoore@btlaw.com;marisa.howell@btlaw.com;michelle.jawor@btlaw.com
- **Maria K Pum**    maria.pum@procopio.com, barb.young@procopio.com,calendaringbankruptcy@procopio.com
- **Laila Rais**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Gregory A Rougeau**    grougeau@brlawsf.com
- **Vicki L Schennum**    schennumlaw@icloud.com
- **Larry D Simons (TR)**    larry@janus.law, c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@janus.law
- **William A Smelko**    William.Smelko@procopio.com, anant.pandadiya@procopio.com,calendaringbankruptcy@procopio.com
- **Michael G Spector**    mgspector@aol.com, mgslawoffice@aol.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Darlene C Vigil**    cdcaecf@bdfgroup.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

2.  <u>**SERVED BY UNITED STATES MAIL**</u>:

***<u>Attorneys for Anna Stone</u>***
Richard G. Heston
19700 Fairchild Road, Suite 280
Irvine, CA 92612
rheston@hestonlaw.com

Anna Stone
49841 Canyon View Dr
Palm Desert, CA 92260

**Marshack Hays Wood LLP**
870 Roosevelt
Irvine, CA 92620

**RE/MAX**
120 Stony Point Road
Suite 240
Santa Rosa, 95401-4188

**RE/MAX Desert Properties**
120 Stony Point Road
Suite 240
Santa Rosa, CA 95401-4188

**Revelation Machinery Inc**
750 N State Street
Floor 7
Chicago, IL 60654

**Valcor Advisors LLC**
220 Newport Center Drive
Suite 586
Newport Beach, CA 92660

**Yip Associates**
2 South Biscayne Blvd
Ste 2690
Miami, FL 33131

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.